**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corina Tolamaa; Oliver Complot, | No. CV-23-02266-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Truist Bank, et al., | |
| Defendants. | |

Before the Court is Defendant Truist Bank's Motion to Dismiss Amended Complaint (Doc. 29) and Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 47).

## BACKGROUND

Plaintiff Corina Tolamaa ("Tolamaa") has an account with Defendant Truist Bank ("Truist"). (Doc. 14 at 29). Plaintiff Oliver Complot ("Complot") is Tolamaa's husband. (*Id*. at 1). In February 2023, Tolamaa initiated a dispute process with two consumer reporting agencies ("CRAs"): Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC. ("Trans Union"). (*Id*. at 2). As part of the dispute resolution processes, the CRAs requested that Truist investigate and verify that the information provided to the CRAs was accurate. (*Id*.). On February 6, 2023, Truist verified that the information reported to Experian was accurate. (*Id*.). Truist continued to verify the information as accurate in investigations in December 2023, February 2024, and June 2024. (*Id*.). Truist also verified the accuracy of information provided to Trans Union in a July 2024 report.

(*Id*. at 3, 25).

Plaintiffs assert that the information Truist provided to the CRAs was conflicting and inaccurate. (Doc. 14 at 2, 17). For example, Plaintiffs allege that the date of first delinquency is incorrect and that Truist willfully excluded from its reports an accord and satisfaction that took place, despite the settlement's execution occurring before Truist's final investigation. (*Id*. at 3-4). Plaintiffs claim that the alleged balance and payment history errors in the Experian reports are also found in the Trans Union report. (*Id*. at 14).

Plaintiffs allege that the inaccurate information negatively impacted Tolamaa's credit rating and that she has been unable to get credit for a mortgage because of the reporting. (Doc. 14 at 18). Plaintiffs also allege that Truist's failure to report the lawful discharge of debt caused both Tolamaa and Complot anxiety, lack of sleep, bowel issues, and other physical and emotional ailments. (*Id*. at 3). Plaintiffs assert they are both injured because Complot cannot cosign for credit opportunities. (*Id*. at 3).

Plaintiffs initially filed suit against Truist in Maricopa County Superior Court in October 2023. (Doc. 1 at 1). Truist removed the case to this Court (*Id*.), and Plaintiffs filed their First Amended Complaint—the operative complaint—in July 2024. (Doc. 14). Plaintiffs bring six claims: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681; (2) breach of contract; (3) negligence per se and negligent misrepresentation; (4) intentional infliction of emotional distress; (5) invasion of privacy, false light, and intrusion upon seclusion; (6) respondeat superior; and (7) violations of the Arizona Consumer Frauds Act ("ACFA"). (*Id*.). Truist filed a Motion to Dismiss the Amended Complaint (Doc. 29), and Plaintiffs filed a Motion for Leave to File Amended Complaint (Doc. 47).

## DISCUSSION

### I.     Truist's Motion to Dismiss (Doc. 29)

Truist moves to dismiss Plaintiffs' complaint with prejudice. (Doc. 29 at 14). Truist argues Complot has no standing and that, regardless of standing, the claims must be dismissed as a matter of law as to both Complot and Tolamaa. (*Id*. at 2-3). The Court

grants the Motion to Dismiss on standing grounds as to Complot but denies the remainder as mooted by Plaintiffs' Motion for Leave (Doc. 47).

### a. Legal Standard

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). For there to be a case or controversy, a plaintiff must have standing, which requires the plaintiff to show: "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff bears the burden of establishing these elements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Standing of a spouse to bring an FCRA claim "depends on whether the information in the consumer credit report 'relates or refers to both spouses.'" *Ashby v. Farmers Ins. Co. of Or.*, 565 F.Supp.2d 1188, 1202 (D. Or. 2008) (quoting *Conley v. TRW Credit Data*, 381 F.Supp. 473, 474 (N.D. Ill. 1974); *see also Soghomonian v. U.S.*, 278 F.Supp.2d 1151, 1167 (E.D. Cal. 2003) (finding a wife had standing in a FCRA case because her husband's credit report contained considerable information pertaining to her, including references to at least three joint accounts).

### b. Analysis

This Court previously entered an order to show cause to Complot establishing why he had standing to bring this case on behalf of Tolamaa. (Doc. 10). Thereafter, Tolamaa moved to amend the complaint to include her husband, even though she had not filed a complaint in her name. (Doc. 12). The Court explained to Complot that, if his wife was incompetent, he could bring suit on her behalf, otherwise his attempt to represent her was not in compliance with the Federal Rules. (Doc. 13). Thereafter, Complot and Tolamaa, his spouse, filed an Amended Complaint in which they both assert claims based on incidents pertaining to Tolamaa. Plaintiffs assert that, because Complot is married to Tolamaa, he "suffer[s] by proximity, and cannot cosign for credit opportunities." (Doc. 14

at 3).  Plaintiffs further assert that Complot is "damaged by strain on the marital relationship." (*Id*. at 18).  These allegations are not sufficient to establish standing.  As to Plaintiffs' FCRA claim, Plaintiffs fail to allege that Tolamaa's credit report relates to or refers to Complot, as is required for spousal standing.  *See Ashby*, 565 F.Supp.2d at 1202.  As to the remaining claims, Plaintiffs fail to allege that Complot suffered an injury in fact, stating only that Complot will be impacted in the future because he cannot cosign for credit opportunities.  *See TransUnion LLC*, 594 U.S. at 423; *contra Myhre v. Vroom Auto., LLC*, CV 24-28, 2024 WL 4973208, at * 3-4 (D. Mont. Oct. 20, 2024) (finding a spouse pled a concrete injury in fact by alleging that he and his wife suffered an adverse credit decision and were unable to secure financing due to the error on his wife's credit report).  Plaintiffs have not alleged a concrete injury in fact.  As such, Truist's Motion to Dismiss as to Plaintiff Complot is granted with one final chance to amend.

## II.    Plaintiffs' Motion for Leave (Doc. 47)

Plaintiffs filed a Motion for Leave to File Second Amended Complaint.  (Doc. 47).  Truist opposes the motion, asserting the amendment is futile.  (Doc. 50).

The Ninth Circuit instructs lower courts to "heed carefully the command of [Federal Rule of Civil Procedure 15(a)] . . . by freely granting leave to amend when justice so requires." *Eldrige v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (citations omitted).  "This policy is applied even more liberally to pro se litigants." *Eldrige*, 832 F.2d at 1135.  Courts consider five factors in ruling upon a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  A court should deny leave to amend based on futility of amendment only "if no set of facts can be proved under the [proposed] amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pacific Railroad Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)).  Absent a strong showing of any of the factors, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *C.F. ex rel. Farnan v.*

- 4 -

1    *Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011).

2         Truist asserts that amendment is futile because it does not address Complot's lack

3    of standing, and "Plaintiffs' proposed additions . . . are not primarily factual allegations but

4    are instead legal assertions." (Doc. 50 at 3). Indeed, the amendment is futile as to Complot,

5    as Plaintiffs provide no additional facts that establish he has standing. However, the

6    amendment is not futile as to Tolamaa. In fact, the Proposed Amended Complaint contains

7    several additional factual allegations to support Plaintiffs' FCRA claim, such as additional

8    details regarding alleged inaccuracies and inconsistencies in Truist's reports to the credit

9    reporting agencies. (Doc. 58 at 4-5, 36-38). Because Truist has not demonstrated that

10   there is no set of facts that would constitute a valid and sufficient claim, and because Truist

11   does not oppose the Motion on any other basis, the Court grants Plaintiffs' Motion for

12   Leave. *See Barahona*, 881 F.3d at 1134.

13        The Court grants Plaintiffs thirty days from the date of this Order to file a revised

14   Proposed Amended Complaint (Doc. 58) in accordance with this Order. This is Plaintiffs'

15   last opportunity to amend. Further, Plaintiffs are advised to limit any amended complaint

16   to factual allegations. The "short and plain" requirement under Rule 8 requires "[e]ach

17   allegation [to] be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiffs must state

18   their "claims or defenses in numbered paragraphs, each limited as far as practicable to a

19   single set of circumstances." Fed. R. Civ. P. 10(b). Exhibits should be attached at the end

20   of the complaint and clearly labeled as exhibits or attachments, not interwoven within the

21   complaint. The complaint itself should be limited to text that states each claim and

22   supporting facts. Citations within the complaint to any attached exhibits must be accurate,

23   and exhibits which are not referenced in the complaint should be excluded.

24        Plaintiffs must lodge their revised Proposed Second Amended Complaint pursuant

25   to LRCiv. 15.1(a). Plaintiffs should underline only the portions that are being added and

26   strike through the portions that are being removed. Everything else should remain as it

27   appeared in the original complaint (Doc. 48), without underlining or strikethrough.

28        Accordingly,

1          **IT IS THEREFORE ORDERED GRANTING** Defendant's Motion to Dismiss

2  (Doc. 29) as to Plaintiff Complot on standing grounds without prejudice and **DENIED** as

3  moot as to Plaintiff Tolamaa.

4          **IT IS FURTHER ORDERED** Plaintiffs' Motion for Leave (Doc. 47) is

5  **GRANTED** with leave to amend pursuant to this Order.  If Plaintiffs fail to file their

6  revised Proposed Second Amended Complaint within thirty days of this order, the Clerk

7  of Court is directed to terminate this action and enter judgment accordingly.

8          Dated this 12th day of March, 2025.

G. Murray Snow

Senior United States District Judge

- 6 -